FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 JUL 18 PM 3:26

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| WILL MORRIS SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV406-104 |
| | ) | |
| AL ST. LAWRENCE and PRISON | ) | |
| HEALTH SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On April 27, 2006, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal

court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.

Plaintiff seeks financial compensation as well as a medical evaluation from a doctor, chiropractor, and dentist for injuries allegedly sustained after he fell out of a Chatham County Sheriff's Department transport vehicle on February 21, 2006. Doc. 1. According to the complaint, plaintiff was attempting to exit the vehicle while restrained in both handcuffs and leg irons when his restraints became entangled with the van's running boards, causing him to fall. Plaintiff's head struck a sheriff's car parked beside the

van, and plaintiff landed on his knees. Officer Hall, the transport officer, allegedly made no attempt to assist plaintiff either before or after the fall until plaintiff pleaded for help.

Plaintiff asserts that he has not received adequate medical attention for his "severe physical and emotional pain and suffering" resulting from his fall. Doc. 1. Plaintiff claims that he has exhausted "all known avenues" in his attempts to receive medical treatment, including filing several grievances and medical requests, but that his injuries remain untreated.

Plaintiff names Chatham County Sheriff Al St. Lawrence and Prison Health Services, Inc., the corporate entity that contracted to provide medical services to the jail, as defendants to this action. Plaintiff's complaint, however, is void of any specific allegations against either Sheriff St. Lawrence or Prison Health Services. Plaintiff is apparently attempting to pursue claims against these two defendants based on vicarious liability. Claims brought pursuant to § 1983, however, cannot be based upon theories of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Department of Social Services of New York, 436 U.S. 658, 691 (1978). Rather, the plaintiff must demonstrate either

3

that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985).

A supervisory official may also be subject to § 1983 liability when a history of widespread abuse puts the official on notice of the need to take corrective action and he fails to do so. Brown v. Crawford, 906 F.2d at 671; Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988). A causal connection between the supervisory official's acts or omissions and plaintiff's injury is essential to establish liability. In the instant case, plaintiff has not attempted to show any connection between his alleged constitutional deprivations and any policies, customs, or conduct of Sheriff Al St.

4

Lawrence or Prison Health Services, Inc..[1]

Accordingly, plaintiff's complaint fails to name an appropriate defendant and should therefore be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 17th day of July, **2006.**

UNITED STATES MAGISTRATE JUDGE
**SOUTHERN DISTRICT OF GEORGIA**

---

[1] While plaintiff mentions Officer Hall in the body of his complaint, he has not named him as a defendant. To the extent plaintiff is attempting to assert a claim against Officer Hall, however, his factual assertions are insufficient to state a claim under § 1983. It is well settled that a prison official's negligence in failing to protect an inmate from harm does not give rise to a cause of action under § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). At most, plaintiff has alleged that Officer Hall was negligent in not assisting him out of the vehicle while he was restrained, a garden variety negligence claim not cognizable under § 1983. See Doc. 1 at 5 (where plaintiff entitles his initial claim for injuries sustained during his fall as a "Negligence" claim).

5